IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SAMANTHA WRIGHT, on behalf of herself, and M.G. a minor, by and through her parent and natural guardian, Samantha Wright,<br><br>  Plaintiff,<br>v.<br><br>SAI HOTELS LLC d/b/a RED ROOF INN LAVONIA, and CHETAN PATEL, individually,<br><br>  Defendants. | Case No. _____<br><br>Jury Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, SAMANTHA WRIGHT, on behalf of herself, and M.G. a minor, by and through her parent and natural guardian, Samantha Wright, sues the Defendants, SAI HOTELS LLC d/b/a RED ROOF INN LAVONIA, and CHETAN PATEL, individually, and allege:

**Nature of the Case**

1. Plaintiffs were employees of Defendants and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

## Parties

2. At all material times relevant to this Complaint, Defendant, SAI HOTELS LLC d/b/a RED ROOF INN LAVONIA (hereinafter "SAI Hotels"), is/was a Georgia Limited Liability Corporation that operated and conducted business in Franklin County, Georgia.

3. At all material times, SAI Hotels owned and/or operated the Red Roof Inn Lavonia located at 890 Ross Place, Lavonia, GA 30553, where Plaintiffs worked.

4. The Red Roof Inn Lavonia operates as a hotel.

5. At all material times, CHETAN PATEL was an individual resident of the State of Georgia, who owned and operated SAI HOTELS LLC.

6. Plaintiffs were employees of Defendants.

7. Plaintiff, Samantha Wright (hereinafter "Wright"), worked for Defendants from around October 2020 to August 2021 as General Manager.

8. Plaintiff, M.G., worked for Defendants from around November 2020 to August 2021, at the front desk, during which time she was only fourteen years old.

## Jurisdiction and Venue

9. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

10. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## General Factual Allegations

12. SAI Hotels is in the hospitality/travel industry and provides hotel accommodations to the public.

13. At all material times, SAI Hotels is/was an enterprise subject to the FLSA's provisions on minimum and overtime wages.

14. At all material times, SAI Hotels is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. office supplies (such computers, telephones, etc.) and amenities in guest rooms (such as microwaves, coffee makers, furniture, bedding, etc.)).

15. At all material times, SAI Hotels has had two or more employees who routinely ordered materials or supplies, such as office supplies and amenities in guest rooms, from out of state vendors.

16. At all material times, SAI Hotels has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all material times, CHETAN PATEL was an individual resident of the State of Georgia, who owned and operated SAI HOTELS LLC, and who regularly exercised the authority to: (a) hire and fire employees of SAI HOTELS LLC; (b) determine the work schedules for the employees of SAI HOTELS LLC, and (c) control the finances and operations of SAI HOTELS LLC. By virtue of having regularly exercised that authority on behalf of SAI HOTELS, LLC, CHETAN PATEL is/was an employer as defined by 29 U.S.C. § 201, et seq.

18. Plaintiffs individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as they worked in a hotel that served customers who traveled from out of state destinations and were required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

19. At all material times, Plaintiffs were considered employees of Defendants.

**Minimum Wage and Overtime Violations**

20. At all material times, Plaintiffs were non-exempt employees and therefore entitled to minimum wages, and overtime wages for any and all overtime hours worked.

21. At all material times, Defendants failed to comply with the FLSA because Plaintiffs performed services for Defendants for which they were not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

22. Plaintiff Wright was paid $500 per week while working for Defendants.

23. Plaintiff Wright regularly worked over forty-hours per week – frequently as much as 77 hours per week or more – but was not paid anything in addition to her $500 "salary" for overtime work performed.

24. Given the number of hours Plaintiff Wright worked, her effective hourly rate regularly fell below the mandatory minimum wage rate required by the FLSA.

25. Despite being a minor, Plaintiff M.G. also regularly worked over forty hours per week – frequently working as much as 56 hours per week or more.

26. Defendants failed to pay Plaintiff M.G. **any compensation** for work she performed.

27. Based upon the above policies, Defendants have violated the FLSA by failing to pay proper minimum wages and overtime pay for each hour worked over forty (40) per week.

28. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendants.

29. Plaintiffs have hired the below law firm and are obligated to pay them a reasonable fee if successful in this litigation.

30. All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF MINIMUM WAGES

31. Paragraphs one (1) through thirty (30) above are fully re-alleged and incorporated herein.

32. Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

33. During their employment with Defendants, Plaintiffs were not paid the minimum wage for each week of work performed in violation of the FLSA.

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

35. Defendants did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

36. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

37. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

38. Paragraphs one (1) through thirty (30) above are fully re-alleged and incorporated herein.

39. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

40. During their employment with Defendants, Plaintiffs were not paid for all time worked as described above which resulted in Plaintiffs not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

41. As a result of Defendants' intentional, willful and unlawful acts in

refusing to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

42.     Defendants did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week.

43.     As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

44.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 14, 2023            **/s/ C. RYAN MORGAN**
　　　　　　　　　　　　　　　　　C. Ryan Morgan, Esq.
　　　　　　　　　　　　　　　　　FBN 0015527
　　　　　　　　　　　　　　　　　Morgan & Morgan, P.A.
　　　　　　　　　　　　　　　　　20 N. Orange Ave, 15th Floor
　　　　　　　　　　　　　　　　　Orlando, FL 32801
　　　　　　　　　　　　　　　　　T: (407) 420-1414

F: (407) 245-3401
E: RMorgan@forthepeople.com
*Attorneys for Plaintiff*