IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SAMANTHA WRIGHT, on behalf of herself, and M.G. a minor, by and through her parent and natural guardian, Samantha Wright,<br><br>*Plaintiffs,*<br><br>v.<br><br>SAI HOTELS LLC D/B/A RED ROOF INN LAVONIA AND CHETAN PATEL, individually,<br><br>*Defendants.* | CIVIL ACTION FILE<br>NO. 3:23-cv-00093-CDL |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, SAMANTHA WRIGHT, on behalf of herself, and M.G. a minor, by and through her parent and natural guardian, Samantha Wright (the "Plaintiff"), and Defendants, SAI HOTELS LLC D/B/A RED ROOF INN LAVONIA AND CHETAN PATEL, individually (collectively referred to as the "Defendants") (all parties collectively referred to as the "Parties"), jointly request this Court approve the Parties' settlement of the above-captioned matter under the Fair Labor Standards Act ("FLSA"). The Parties' executed FLSA Settlement Agreement (the "Settlement Agreement") is attached as Exhibit "A." [1]

---

[1] The Settlement Agreement has been redacted only to the extent necessary to protect the identity of the minor Plaintiff under Rule 5.2 of the Federal Rules of Civil Procedure. Should the Court require an unredacted version of the Settlement Agreement, Plaintiffs request that

I.      **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

---

the Court review the unredacted version *in camera* and that they not be required to file the unredacted version in the public record. Defendants do not object to Plaintiffs' request.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.*; *see also Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). When asked to review and approve the terms of a settlement, there is a "strong presumption" in favor of approval. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977), report and recommendation adopted, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

Indeed, at least one judge, Judge Gregory A. Presnell, has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla 2009). Judge Presnell further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the

3

reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228; *see also Norman v. BPR Brampton, LLC*, 2021 WL 2877601, *5 (S.D. Ga. July 8, 2021) (citing *Bonetti*).

## II. Facts and Settlement Terms are Reasonable.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against the Defendants. The proposed settlement arises out of an action brought by the Plaintiffs, a mother and her daughter, against their *alleged* former employers, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiffs were represented by experienced counsel.

The Parties agree the instant action involves disputed issues. "FLSA claims typically involve complex mixed questions of fact and law." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981). The claims here are no different. Specifically, there are issues as to whether (1) Defendants were obligated to pay and whether they properly paid Plaintiffs minimum wages and overtime compensation for all hours worked, (2) whether Defendants knew or should have known the Plaintiffs had worked such hours, (3) whether Patel, the individual defendant, is an employer under the FLSA; (4) whether a lodging credit would be a credit for any wages owed (as Plaintiffs lived on-site at a property owned by Sai Hotels, LLC, during Plaintiff Wright's period of employment by Sai); (5) whether liquidated damages are warranted if an FLSA violation occurred; and (6) whether Plaintiffs' claims are barred altogether as a result of a prior, judicially unapproved, settlement into which Plaintiffs entered with Sai Hotels, LLC. According to Plaintiffs' allegations, Plaintiff, Samantha Wright alleges

4

she worked as much as 77 hours per week or more but was not paid anything in addition to her $500 salary for overtime work performed during the approximate one-year period during which she was employed. *See* D.E. 1, ¶¶ 22-23. Plaintiff, M.G. (Wright's daughter) allegedly worked for Defendants from around November 2020 to August 2021 at the hotel's front desk. Despite being a minor and school age, Plaintiff M.G. alleges that she also regularly worked over forty hours per week. *See* D.E. 1, ¶¶ 25-26. Plaintiffs allege Defendants failed to pay Plaintiff M.G. any compensation for work she performed. If Plaintiffs completely prevail on their claims, they claim they would be owed $8,464.72 in wages for Plaintiff Wright, and $18,560.00 in wages for Plaintiff M.G., before liquidated damages.

In turn, Defendants dispute Plaintiffs' claims, and vehemently deny that Plaintiff M.G. performed any work whatsoever for Defendants or that Defendant Patel employed either Wright or M.G. As alluded to above, Defendants also claim that Plaintiffs previously settled these claims, in consideration for a cash payment, and provided a release to Sai Hotels, Patel, and others. Defendants also maintain that the above damage figures are inflated because they do not account for any alleged lodging credits owed by Plaintiffs from residing on the premises, that Wright's hours of alleged work are grossly overstated, and, while maintaining that M.G. was never employed by them or authorized or allowed to perform work on their behalves, that M.G.'s claimed hours were overstated as well, particularly in light of her homeschooling.

After Defendants were served with Plaintiff's Complaint, they hired an attorney who reached out to Plaintiff's counsel in an effort to voluntarily resolve the matter given Defendants' resources, lack of applicable insurance, potential exposure, and most importantly,

5

the legal expenses that they would incur in defending against Plaintiffs' claims, whatever their merit. The Parties informally exchanged information and discovery. Ultimately, the Parties reached a mutually acceptable outcome, subject to this Court's approval: Plaintiff Wright receiving $10,000; Plaintiff M.G. receiving $12,500; and separate attorneys' fees and costs paid in the amount of $10,000 to Plaintiffs' counsel.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed Plaintiffs' alleged unpaid minimum wage and overtime compensation and formulated their own proposed settlement figures, which they forwarded to Defendants' counsel. The Parties then engaged in settlement discussions, based upon their independent calculations, including, without limitation, discussion of Plaintiffs' claims for unpaid wages and liquidated damages, on the one hand, and their claim for attorneys' fees on the other. Ultimately, based upon their respective estimates of the Plaintiffs' underlying claims and their claims for attorneys' fees and costs, the Parties negotiated a settlement amount for the Plaintiffs' FLSA claims and an additional amount for attorneys' fees and costs negotiated separately and without regard to the amount paid to the Plaintiffs. The Parties, through their attorneys, voluntarily agreed to the settlement terms. They were all advised and represented by counsel throughout the litigation and settlement process. The Parties believe this settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims.

**Conclusion**

The Parties jointly and respectfully request this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated this 1st day of March, 2024.

| | |
|---|---|
| */s/ C. Ryan Morgan*<br>C. RYAN MORGAN, ESQ.<br>Georgia Bar No.: 711884<br>**MORGAN & MORGAN, P.A.**<br>20 North Orange Avenue –Suite 1500<br>Orlando, Florida 32801<br>Telephone: (407) 418-2069<br>Facsimile: (407) 245-3401<br>E-mail: rmorgan@forthepeople.com<br><br>*Counsel for Plaintiff(s)* | */s/ Dustin Marlowe*<br>DUSTIN MARLOWE, ESQ.<br>Georgia Bar No.: 773538<br>**JOHNSON MARLOWE LLP**<br>335B Oconee Street<br>Athens, GA 30601<br>Tel: (706) 425-8740<br>Fax: (706) 850-6400<br>E-mail: dustin@johnsonmarlowe.com<br><br>*Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SAMANTHA WRIGHT, on behalf of herself, and M.G. a minor, by and through her parent and natural guardian, Samantha Wright,<br><br>     *Plaintiffs,*<br><br>v.<br><br>SAI HOTELS LLC D/B/A RED ROOF INN LAVONIA AND CHETAN PATEL, individually,<br><br>     *Defendants.* | CIVIL ACTION FILE<br>NO. 3:23-cv-00093-CDL |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

            **/s/ C. RYAN MORGAN**
            C. Ryan Morgan, Esq.